UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MALIBU MEDIA LLC,

        Plaintiff,                    Case No. 13-12178
                                              Hon. Thomas L. Ludington

v.

JOHN DOE SUBSCRIBER
ASSIGNED IP ADDRESS 24.247.208.185,

        Defendants,
_____/

**ORDER GRANTING MOTION FOR LEAVE TO SERVE THIRD-PARTY SUBPOENAS**

This copyright infringement case commenced on May 15, 2013, when Plaintiff Malibu Media, filed suit against a single Defendant John Doe, the internet subscriber assigned IP address 24.247.208.185. ECF No. 1. The complaint alleges that "Defendant is a persistent online infringer of Plaintiff's copyrights." Specifically, Defendant has used BitTorrent to distribute ten of Plaintiff's copyrighted works.

The same day that Plaintiff filed the complaint, Plaintiff also filed a motion for leave to serve third-party subpoenas prior to a Rule 26(f) conference. ECF No. 2. Plaintiff explains that because "Defendants used the Internet to commit their infringement, Plaintiff only knows Defendant by his [or her] Internet Protocol ("IP") address." Accordingly, to discover Defendants identity, "Plaintiff seeks leave of Court to serve a Rule 45 subpoena on the ISPs and any related intermediary ISPs."

Federal Rule of Civil Procedure provides that parties may generally serve discovery only after a Rule 26(f) conference, "except. . . when authorized by . . . court order." Fed. R. Civ. P.

26(d)(1). To determine whether to authorize expedited discovery in a particular case, at least one court in this district has applied a "good cause" standard

Based on the allegations in the complaint and the representations in Plaintiff's motion, good cause for expedited discovery is appropriate — Defendant must be identified before this suit can progress further. *See, e.g.*, *Arista Records LLC v. Does 1-19*, 551 F. Supp. 2d 1, 6 (D.D.C. 2008) (noting "the overwhelming number of cases where courts have . . . permitted expedited discovery in circumstances similar to the present."); *Interscope Records v. Does 1–14*, Civ. A. No. 07–4107, 2007 WL 2900210, *1 (D. Kan. Oct. 1, 2007) (finding "good cause" for expedited discovery); *Warner Bros. Records, Inc. v. Does 1–14*, Civ. A. No. 07–424, 2007 WL 1960602, *1 (D. Utah July 5, 2007) (same); *see generally* Robert G. Larson & Paul A. Godfread, *Bringing John Doe to Court: Procedural Issues in Unmasking Anonymous Internet Defendants*, 38 Wm. Mitchell L. Rev. 328, 336–51 (2011).

Accordingly, it is **ORDERED** that Plaintiff's motion for leave to serve third-party subpoenas prior to a Rule 26(f) conference (ECF No. 2) is **GRANTED**.

                                                s/Thomas L. Ludington
                                                THOMAS L. LUDINGTON
                                                United States District Judge

Dated: May 24, 2013

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 24, 2013.

                        s/Tracy A. Jacobs
                        TRACY A. JACOBS